UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TAMI AVEY, | CIV. NO. 23-00025 LEK-KJM |
| Plaintiff, | |
| vs. | |
| CLEARBRIDGE TECHNOLOGY GROUP, LLC, OPTUM SERVICE - UNITED HEALTH GROUP, | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION – A REQUEST TO ALTER PREJUDICE RULING; TO PREVENT MANIFEST INJUSTICE CITING REASONABLE ALTERNATIVES TO THE PRO SE LITIGANT TO CURE MATTERS OF PERSON JURISDICTION BY CHANGE OF DIST. JURISDICTIONAL VENUE, FILED DECEMBER 22, 2023**

On December 13, 2023, this Court issued an order dismissing pro se Plaintiff Tami Avey's ("Avey") Amended Complaint, [filed 9/25/23 (dkt. no. 34),] with prejudice for lack of personal jurisdiction ("12/13 Order").[1] [Dkt. no. 52.] Before the Court is Avey's motion for reconsideration of the 12/13 Order, filed December 22, 2023 ("Motion for Reconsideration"). [Dkt. no. 53.] Defendant Optum Serve Technology & Consulting Services Inc. ("Optum Serve") filed its opposition on January 12, 2024. [Dkt. no. 55.] The Court has considered the Motion for Reconsideration as a non-hearing

---

[1] The 12/13 Order is also available at 2023 WL 8622603.

matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Avey's Motion for Reconsideration is granted insofar as the Court dismisses the case without prejudice, and the Motion for Reconsideration is denied in all other respects, for the reasons set forth below.

### STANDARD

Because the 12/13 Order was case dispositive, Avey's Motion for Reconsideration is "governed by Fed. R. Civ. P. 59 or 60, as applicable." See Local Rule LR60.1. Because no judgment has been issued in this case, Federal Rule of Civil Procedure 60 applies. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Rule 60(b) states, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final . . . order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." The Ninth Circuit has stated:

> We use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). To receive relief under Rule 60(b)(6), a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." [Cmty. Dental Servs. v.] Tani, 282 F.3d [1164,] 1168 [(9th Cir. 2002)] (citing Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)).

2

<u>Lal v. California</u>, 610 F.3d 518, 524 (9th Cir. 2010) (some

alterations in <u>Lal</u>).

      As to motions for reconsideration in general, this

district court has stated:

> A motion for reconsideration must:
> (1) demonstrate reasons that the court should
> reconsider its prior decision; and (2) must set
> forth facts or law of a strongly convincing
> nature to induce the court to reverse its prior
> decision. <u>Fisher v. Kealoha</u>, 49 F. Supp. 3d 727,
> 734 (D. Haw. 2014). The Ninth Circuit has said
> that reconsideration may be appropriate if:
> (1) the district court is presented with newly
> discovered evidence; (2) the district court
> committed clear error or the initial decision was
> manifestly unjust; or (3) if there is an
> intervening change in controlling law. See <u>Sch.
> Dist. No. 1J, Multnomah Cty., Or. v. ACandS,
> Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993).
>
> Mere disagreement with a previous order is
> an insufficient basis for reconsideration.
> <u>Fisher</u>, 49 F. Supp. 3d at 735. This court
> "'enjoys considerable discretion in granting or
> denying the motion.'" <u>Allstate Ins. Co. v.
> Herron</u>, 634 F.3d 1101, 1111 (9th Cir. 2011)
> (quoting <u>McDowell v. Calderon</u>, 197 F.3d 1253,
> 1255 n.1 (9th Cir. 1999) (en banc)).

<u>Smith v. Frink</u>, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at

*2 (D. Hawai`i Dec. 4, 2020).

## <u>DISCUSSION</u>

      Avey argues the Court should amend its 12/13 Order to

be without prejudice and transfer the case to prevent manifest

injustice. <u>See</u> Motion for Reconsideration at 11. The 12/13 Order

dismissed Avey's claims with prejudice for lack of personal

jurisdiction. [12/13 Order at 16-17.] This was error. A dismissal for lack of jurisdiction must be without prejudice. See Fiorani v. Berenzweig, 441 F. App'x 540, 541 (9th Cir. 2011) ("[D]ismissals for failure to effect service and for lack of personal jurisdiction must be without prejudice." (citations omitted)); Grigsby v. CMI Corp., 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (stating the district court erred in dismissing claims against certain defendants "with prejudice" for lack of personal jurisdiction). The Court grants Avey's Motion for Reconsideration insofar as the dismissal of Avey's claims is **without prejudice to the filing of a new action in a district court that has personal jurisdiction over the defendants, but without leave to file a second amended complaint in the instant case.**

Avey's Motion for Reconsideration also includes a request for transfer of venue, which Avey did not make in connection with her opposition to the motions addressed in the 12/13 Order. Avey requests transfer to another district for the first time in the instant Motion for Reconsideration. See Plaintiff Response to Defendant Clearbridge Technology Group, LLC's Motion to Dismiss Amended Complaint Filed on September 25, 2023, filed 10/10/23 (dkt. no. 39); Tami Avey, Response to Defendant – Optum Serve Motion to Dismiss Amended Complaint, filed 11/2/23 (dkt. no. 47). Further, Avey does not submit in

4

which district this case could have been properly brought. <u>See</u>
<u>generally</u> Motion for Reconsideration. Nor has this Court
identified a proper district in which this case could have been
brought. <u>See</u> 28 U.S.C. § 1406(a) ("The district court of a
district in which is filed a case laying venue in the wrong
division or district shall dismiss, or if it be in the interest
of justice, transfer such case to any district or division in
which it could have been brought."). Based on the factual
allegations in the Amended Complaint, the declarations in the
record, and the instant Motion for Reconsideration, it is not
apparent which district the case could be properly transferred
to, given that Defendant Clearbridge Technology Group, LLC
("Clearbridge") and Optum Serve appear to be domiciled in
different states. <u>See</u> Amended Complaint at pgs. 1-2;
Clearbridge's Motion to Dismiss Complaint Filed on January 18,
2023, filed 7/31/23 (dkt. no. 22), Declaration of Kathleen E.
Hubbard at ¶ 2; Optum Serve's Motion to Dismiss Plaintiff's
Amended Complaint, filed 10/24/23 (dkt. no. 45), Declaration of
Peter J. Dickson at ¶ 13. Therefore, to the extent that Avey
requests transfer to another district, the Motion for
Reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff Tami Avey's
Motion for Reconsideration – A Request to Alter Prejudice

Ruling; to Prevent Manifest Injustice Citing Reasonable Alternatives to the Pro Se Litigant to Cure Matters of Personal Jurisdiction by Change of Dist. Jurisdictional Venue, filed December 22, 2023 is GRANTED IN PART AND DENIED IN PART. The Motion for Reconsideration is GRANTED insofar as Avey's Amended Complaint, filed September 25, 2023, is DISMISSED WITHOUT PREJUDICE to the filing of a new action in the appropriate district, but without leave to file a second amended complaint in the instant case. The Motion for Reconsideration is DENIED in all other respects. There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment and close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 22, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TAMI AVEY VS. CLEARBRIGE TECHNOLOGY GROUP, ET AL; CV 23-00025 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION — A REQUEST TO ALTER PREJUDICE RULING; TO PREVENT MANIFEST INJUSTICE CITING REASONABLE ALTERNATIVES TO THE PRO SE LITIGANT TO CURE MATTERS OF PERSON JURISDICTION BY CHANGE OF DIST. JURISDICTIONAL VENUE, FILED DECEMBER 22, 2023**